AARON D. FORD
  Attorney General
Phil W. Su (Bar No. 10450)
  Senior Deputy Attorney General
Kyle J. Hoyt (Bar No. 14886)
  Senior Deputy Attorney General
State of Nevada, Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3416 (fax)
psu@ag.nv.gov
khoyt@ag.nv.gov

*Attorneys for Respondents*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEREK EISENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>DR. KRISTOPHER SANCHEZ, in his official capacity as the Director of the Department of Business and Industry; DARRELL PLUMMER, in his official capacity as President of the Nevada Real Estate Commission; DONNA A. RUTHE, in her capacity as Vice President of the Nevada Real Estate Commission; FORREST BARBEE, in his official capacity as Secretary of the Nevada Real Estate Commission; DAVID TINA, in his official capacity as Commissioner of the Nevada Real Estate Real Estate Commission; and WILLIAM BRADLEY SPIRES, in his official capacity as Commissioner of the Nevada Real Estate Commission.<br><br>    Defendant(s). | Case No. 2:24-cv-02377-JAD-MDC<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**<br><br>**(FIRST REQUEST)** |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**
**(FIRST REQUEST)**

Defendants DR. KRISTOPHER SANCHEZ, in his official capacity as the Director of the Department of Business and Industry; DARRELL PLUMMER, in his official capacity as President of the Nevada Real Estate Commission; DONNA A. RUTHE, in her capacity

as Vice President of the Nevada Real Estate Commission; FORREST BARBEE, in his official capacity as Secretary of the Nevada Real Estate Commission; DAVID TINA, in his official capacity as Commissioner of the Nevada Real Estate Real Estate Commission; and WILLIAM BRADLEY SPIRES, in his official capacity as Commissioner of the Nevada Real Estate Commission ("State Defendants"), by and through their attorneys of record, Aaron D. Ford, Attorney General; Phil W. Su, Senior Deputy Attorney General; and Kyle J. Hoyt, Senior Deputy Attorney General, hereby moves this Court for a thirty (30) day extension of time to answer or otherwise respond to the Complaint file by Plaintiff DEREK EISENBERG in the above-captioned matter. (Court Docket, "CD" #1).

This motion is made and based upon the pleadings and papers on file, and the memorandum of points and authorities herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

On December 19, 2024, Plaintiff Derek Eisenberg (hereinafter "Plaintiff") initiated the instant action for declaratory and injunctive relief by way of complaint in the United States District Court, District of Nevada, Case No. 2:24-cv-02377-JAD-MDC, alleging violations of the Commerce Clause — U.S. Const. art. I, § VII; Privileges and Immunities Clause — U.S. Const. art. IV, § 2; Equal Protection Clause — U.S. Const. amend. XIV; and Due Process and Privileges or Immunities Clauses — U.S. Const. amend. XIV. Defendant Kris Sanchez, in his official capacity as the Director of the Department of Business and Industry, was served with the Complaint on January 13, 2025. (CD #10).

### II. LEGAL ANALYSIS

FED. R. CIV. P. 6(b) provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

///

    (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

    (2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d) and (e), and 60(b), except as those rules allow.

  LR 6-1 provides:

    (a) Every motion requesting a continuance, extension of time, or order shortening time shall be "Filed" by the clerk and processed as an expedited matter. . . .

    (b) Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested. . . .Immediately below the title of such motion or stipulation there shall be included a statement indicating whether it is the first, second, third, etc., requested extension. . . .

    (c) The court may set aside any extension obtained in contravention of this rule.

    (d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

  Rule 6(b)(1) allows for a party to move for an enlargement of time, the determination of which lies with the presiding court. "The Court has inherent power and discretion to control its docket, and the proceedings within the cases on its docket." *Ford v. County of Missoula, Mont.*, 2010 WL 2674036, 1 (D. Mont., 2010) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936); *see also* FED. R. CIV.P. 6(b) (advisory committee note, 1946) ("Rule 6(b) is a rule of general application giving wide discretion to the court to enlarge these time limits or revive them after they have expired . . .").

  Defendants are requesting an extension of time to file their answer or other response to Plaintiff's Complaint (ECF No. 1) before the deadline to file an Answer or otherwise respond to the Complaint is set to expire, on February 3, 2025. The Defendants are making this request based upon good cause, to gather key pieces of information which are necessary

to effectively defend in the instant action and properly respond to Plaintiff's Complaint, as well as to evaluate all meritorious responses to the same. Since receiving word of Plaintiff's Complaint, the Attorney General's Office has been in contact with the named Defendants to inform them of the pending lawsuit concomitant with requests to confer and for information in order to adequately analyze the Complaint and prepare an appropriate and uniform response. This is the Defendants' first request for an extension of time and is made in good faith and is not for purposes of delay.

Counsel for Defendants sought a stipulation from counsel for Plaintiff, who respectfully declined to stipulate. However, they indicated Plaintiff would not oppose a Motion if filed.

### III. CONCLUSION

Based upon the foregoing, the Defendants request a thirty-day extension of time to respond to Plaintiff's Complaint, to Wednesday, March 5, 2025.

DATED this 3rd day of February, 2025.

AARON D. FORD
Attorney General

By: /s/ Kyle J. Hoyt
PHIL W. SU (Bar No. 10450)
Senior Deputy Attorney General
KYLE J. HOYT (Bar No. 14886)
Senior Deputy Attorney General

*Attorneys for State Defendants*

**ORDER**

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Date: 2/5/2025